UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:13-cv-23071-MGC

YOSVANY UTRA,

      Plaintiff,

v.

FTS USA, LLC and
UNITEK USA, LLC,

      Defendants.

_____/

## DEFENDANT FTS USA, LLC'S AND UNITEK USA, LLC'S MOTION TO DISMISS PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, FTS USA, LLC ("FTS"), and Unitek USA, LLC ("Unitek" collectively "Defendants"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby moves the Court for entry of an Order dismissing the Collective Action Complaint ("Complaint") filed by Plaintiff Yosvany Utra ("Plaintiff"). In support hereof, Defendants state as follows:

### I.      BACKGROUND AND PROCEDURAL HISTORY

On August 26, 2013, Plaintiff filed a one-count Complaint. See D.E. # 1. In the Complaint, Plaintiff attempted to assert claims against Defendants for overtime compensation under the Fair Labor Standard Act ("FLSA"). See Compl.

1

## II.   MEMORANDUM OF LAW

### A.   Standards for Motions to Dismiss.

The Court may dismiss an action "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions" and "a formulaic recitation of the elements of a cause will not do." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not shown that the pleader is entitled to relief." Id. Further, Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Finally, the Court is under no duty to rewrite a plaintiff's complaint to find a claim. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir 1993).

### B.   Fails to State a Cause of Action for FLSA Violation.

In order to establish a *prima facie* claim for a FLSA violation, Plaintiff must allege "as a matter of just and reasonable inference" the amount and extent of his work in order to demonstrate that he was inadequately compensated. Rance v. Rocksolid Granit USA, Inc., 292 Fed. App'x. 1, 2008 WL 2751291 (11th Cir., July 16, 2008); see also St. Croix v. Genetech, Inc., 2012 WL 2376668 (M.D. Fla., June 22, 2012)(FLSA Complaint failed to state a cause of action for overtime because plaintiff failed to provide dates or date ranges during which she worked overtime.) The Rance court, even holding the *pro se* plaintiff's pleadings to a less stringent standard, found that plaintiff had failed to establish a *prima facie* case of an FLSA violation because he had failed to demonstrate in his pleadings as a matter of just and reasonable inference

2

the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA.  Id. at *2 (citations omitted).  The plaintiff in Rance had failed to satisfy this basic pleading requirement because his complaint and attached documentation provided no evidence of the amount and extent of his work.  Id.  Accordingly, the defendant in Rance filed a motion to dismiss which was granted and then affirmed by the United States Court of Appeals for the Eleventh Circuit.  Id. at * 3.

Here, Plaintiff's Complaint fails to go beyond conclusory and formulaic recitations of the elements of a FLSA overtime claim.  Plaintiff, in his Complaint, simply alleges that he worked for Defendants from October 2012 to present and that he is entitled to overtime pay in excess of forty (40) hours per week.  Plaintiff's Complaint does not make any allegation that Plaintiff actually worked in excess of forty (40) hours per week and the Complaint certainly fails to include dates or date ranges he worked overtime or any estimation of hours as required by the Rance case.  Accordingly, Plaintiff's Complaint fails to set forth a *prima facie* FLSA overtime case and therefore the Complaint must be dismissed.

Furthermore, Plaintiff's Complaint also fails to set forth a viable collective action claim.  In order to set forth such a claim, the employees should be similarly situated with respect to their job requirements and with regard to their pay provisions.  St. Croix 2012 WL 2376668 at *2.  Here, Plaintiff's Complaint lacks any facts supporting his allegations that other FTS employees are or were similarly situated.  The Complaint also lacks any description of the job duties, or even job titles, of the alleged similarly situated employees.  Nor does the Complaint provide any allegations regarding the alleged similarly situated employees' pay provisions.  Rather, Plaintiff simply makes claims on behalf of similarly situated employees that are purportedly owed overtime.  Such an allegation is a legal conclusion that does not satisfy the Twombley and Iqbal

pleading standards. St. Croix 2012 WL 2376668 at *2 (Dismissing a similar FLSA collective action claim as factually deficient). Therefore, Plaintiff's Complaint must be dismissed for this additional reason.

### III.    CONCLUSION

WHEREFORE, Defendants, FTS USA, LLC and Unitek USA, LLC, respectfully request that the Court enter an Order:  (1) granting this Motion to Dismiss; (2) dismissing Plaintiff's Complaint as to Defendants; and (3) granting such other and further relief as is just and proper.

> FOX ROTHSCHILD, LLP
> 222 Lakeview Avenue, Suite 700
> West Palm Beach, FL 33401
> Telephone:  (561) 835-9600
> Facsimile:  (561) 835-9602
>
> By: /s/ Dori K. Stibolt
> Dori K. Stibolt
> Florida Bar No. 183611
> dstibolt@foxrothschild.com
>
> *Attorneys for Defendants FTS USA, LLC and Unitek USA, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2013, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this day on all counsel of record identified on the attached Service List in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

or in some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

By: */s/ Dori K. Stibolt*
Dori K. Stibolt

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

CASE NO:  9:13- cv-23071-MGC

| JAFFE GLENN LAW GROUP, P.A. | FOX ROTHSCHILD LLP |
|---|---|
| 12000 Biscayne Blvd., Suite 305 | 222 Lakeview Avenue, Suite 700 |
| Miami, FL 33181 | West Palm Beach, FL 33401 |
| Andrew I. Glenn | Dori K. Stibolt |
| aglenn@jaffeglenn.com | dstibolt@foxrothschild.com |
| Jodi J. Jaffe | Telephone:  561-835-9600 |
| jjaffe@jaffeglenn.com | Facsimile: 561-835-9602 |
| Telephone:  305-726-0060 | |
| Facsimile: 305-726-0046 | *Attorneys for Defendants FTS USA, LLC* |
| | *and Unitek USA, LLC* |
| *Attorneys for Plaintiff* | |

ACTIVE 23018720v2