UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case. No.: 1:13-CV-23071-MGC

YOSVANY UTRA,

    Plaintiff,

vs.

FTS USA, LLC and UNITEK USA, LLC

    Defendants.

## AMENDED COLLECTIVE ACTION COMPLAINT

1. Plaintiff, YOSVANY UTRA, was an employee of Defendants, FTS USA, LLC and UNITEK USA, LLC (collectively "Defendants"), and brings this Amended Collective Action Complaint on behalf of himself and other similarly situated employees of Defendants to recover overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. At all times material hereto, Plaintiff performed non-exempt cable installation services on behalf of the Defendants in Dade County, Florida, within the jurisdiction and venue of this Court.

3. Plaintiff YOSVANY UTRA was hired by Defendants in approximately October, 2012, and continues to work for Defendants to date.

4. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

1

5. Defendants, FTS USA, LLC and UNITEK USA, LLC, own and/or operate a company for profit in Dade County, Florida, and employ persons such as Plaintiffs and other similarly situated employees to work on their behalf in providing labor for their practice. These Defendants are within the personal jurisdiction and venue of this Court.

6. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

7. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

8. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

9. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

10. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). The Court has supplemental jurisdiction over the Plaintiff's claims arising under state law.

11. At all times pertinent to this Complaint, Defendants owned an operation and were an enterprise engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of the Defendants' business was in excess of $500,000.00 per annum at all times material hereto.

12. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce so as to fall within the protections of the Act.

13. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled.

14. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked on or after November 8, 2010, and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

15. Plaintiff has retained the Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

16. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 15 above.

17. As referenced above, Plaintiff commenced work for Defendants in approximately October, 2012, and continues to work for Defendants to date.

18. Plaintiff provided labor services, specifically installation and service provision for cable services, specifically dropping lines to premises, custom wiring, installation and disconnection of cable systems.

19. Plaintiff worked conservatively seventy (70) hours each and every week but was not paid additional compensation for hours worked more than forty (40) per work week.

20. Plaintiff is entitled to be paid additional compensation at the statutory rate of pay for each hour worked in excess of forty (40) hours per workweek.

21. All similarly situated employees of Defendants, specifically installers and service providers of cable services are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

22. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to him at the statutory rate of pay for all hours worked in excess of forty (40) hours per week.  The failure of Defendants to compensate Plaintiff and similarly situated employees at their given rate of pay for all hours worked is in violation of the FLSA.

23. Defendants, therefore, are liable to Plaintiff, and others similarly situated, in the amount of their unpaid hours and overtime compensation.

24. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## **DEMAND FOR JURY TRIAL**

26. Plaintiff demands trial by jury as to all issues so triable.

5

WHEREFORE, Plaintiff, YOSVANY UTRA, and those similarly situated to him, demand judgment against Defendants, FTS USA, LLC and UNITEK USA, LLC, for the payment of compensation for unpaid overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated:  November 8, 2013                                     Respectfully submitted,

s/ Andrew I. Glenn
Andrew I. Glenn, Esq.
E-mail:  AGlenn@JaffeGlenn.com
Florida Bar No. 577261
Jodi J. Jaffe, Esq.
Email: JJaffe@JaffeGlenn.com
Florida Bar No. 865516
**JAFFE GLENN LAW GROUP, P.A.**
12000 Biscayne Blvd., Suite 707
Miami, Florida 33181
Telephone: (305) 726-0060
Facsimile: (305) 726-0046
Attorneys for Plaintiff